UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA WEREKO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-1167 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE HONORABLE DAVID HARACZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After screening pro se plaintiff Vanessa Wereko's complaint under 28 U.S.C. § 1915(e)(2), the Court dismisses this lawsuit for lack of subject matter jurisdiction. Wereko's application to proceed in forma pauperis is denied as moot [7]. Civil case terminated.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond pro se plaintiff's financial status and review her claims to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *United States v. Wahi,* 850 F.3d 296, 299 (7th Cir. 2017) (citation omitted).

## DISCUSSION

Construing pro se Wereko's complaint liberally, *see Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020), she is suing Judge David Haracz, who is a Cook County Circuit Court judge in the Domestic Relations Division. Judge Haracz presided over the dissolution of Wereko's marriage and is presently presiding over the ongoing custody proceedings. *See In re Marriage of*

*Francesco Potenza & Vanessa Werekco*, 2016 D 009029.  According to Wereko, Judge Haracz granted her ex-husband custody of their minor children based on false information.  In September 2019, Judge Haracz, *sua sponte*, imposed a restriction of Wereko's supervised parenting time and directed Safe Travels Chicago, an organization that facilitates safe transfer of children from one parent to the other, to provide such services.  Wereko alleges that on December 31, 2020, the Illinois Appellate Court, First District vacated and remanded, in part, Judge Haracz's September 2019 ruling and other rulings related to custody issues.  *See In re Marriage of Potenza and Wereko,* 2020 IL App (1st) 192454, ¶ 1, 2020 WL 7863344, at *1 (1st Dist. 2020).  She explains that the Illinois Appellate Court concluded that Judge Haracz failed to make the required finding of unfitness pursuant to 750 ILCS 5/603.10, among other conclusions.

Wereko contends that she is facing ongoing irreparable harm because she lacks a visitation schedule with her children.  She further alleges that the September 2019 order of protection impacted her employment prospects.  Based on these facts, Wereko asserts that she has been deprived of her fundamental liberty right in the care, custody, and control of her children.

## ANALYSIS

Wereko first argues that absolute judicial immunity does not apply because Judge Haracz acted outside of his judicial capacity.  Judges "are entitled to absolute immunity from damages stemming from many of their official acts, no matter how erroneous or harmful." *Doermer v. Callen*, 847 F.3d 522, 530 (7th Cir. 2017).  As Wereko alleges in her complaint, the Illinois Appellate Court reversed in part Judge Haracz's September 2019 order because the judge failed to make the required finding of unfitness under the relevant Illinois statute.  The Illinois Appellate Court also concluded that Judge Haracz did not properly apply parts of the Illinois Marriage and Dissolution Act.  Also, the Illinois Appellate Court remanded for a new custody hearing, which has yet to take place.  Under

the circumstances, Judge Haracz was not acting outside of his judicial capacity—even though he was reversed in part—and is thus entitled to absolute judicial immunity. *See Heyde v. Pittenger,* 633 F.3d 512, 517 (7th Cir. 2011) ("Absolute immunity applies only to judicial acts and does not protect the official from acts that are ministerial or administrative in nature.").

Wereko also sues Bradley R. Trowbridge, the Executive Director of Safe Travels Chicago, and Safe Travels Chicago itself for acting in concert with Judge Haracz to unconstitutionally infringe upon her constitutional rights. As mentioned, Judge Haracz issued a court order for Safe Travels Chicago to facilitate Wereko's visitation with her children. Because Judge Haracz did not violate Wereko's constitutional rights, Safe Travels could not "act in concert" to do so. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 305 (7th Cir. 2011) ("absence of any underlying violation of Plaintiff's rights precludes the possibility of Plaintiff succeeding on a conspiracy claim").

Moreover, despite Wereko's argument to the contrary, the domestic relations exception to federal jurisdiction applies here because there is an ongoing custody dispute in *In re Marriage of Francesco Potenza & Vanessa Werekco*, 2016 D 009029. *See Mannix v. Machnik*, No. 05 C 7232, 2006 WL 794764, at *4 (N.D. Ill. March 24, 2006) (Kendall, J.). On a final note, any court in the Circuit Court of Cook County is not a suable entity. *See M.W. v. Doe 1*, 12 C 2461, 2012 WL 3717790, at *3 (N.D. Aug. 27, 2012) (listing cases) (St. Eve, J.). Therefore, Wereko's allegations concerning the policies and practices of the Cook County Domestic Violence Courts are misplaced.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 3/10/2021