UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA WEREKO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21 C 1167 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE HONORABLE DAVID HARACZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Because pro se plaintiff has failed to establish that the Court committed a manifest error of fact or law in dismissing her lawsuit under 28 U.S.C. § 1915(e)(2), the Court, in its discretion, denies her motion for reconsideration under Federal Rule of Civil Procedure 59(e) [11].

## LEGAL STANDARD

Pro se plaintiff Vanessa Wereko brought the present motion within 28 days of the final judgment, therefore, the Court considers it under Rule 59(e), which serves the limited function of allowing the Court to correct manifest errors of law or fact. *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019). "A manifest error of fact or law is not demonstrated by the disappointment of the losing party", but rather is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). District courts have broad discretion in determining Rule 59(e) motions. *Abellan v. Lavelo Property Mgmt. LLC*, 948 F.3d 820, 833 (7th Cir. 2020).

## BACKGROUND

Wereko brought this pro se lawsuit seeking to proceed in forma pauperis, that is, without paying the filing fee. The Court initially screened her complaint under 28 U.S.C. § 1915(e)(2) and concluded that it did not have subject matter jurisdiction. More specifically, in the Court's March 10, 2021 order dismissing Wereko's lawsuit, the Court construed Wereko's pro se complaint liberally

explaining that she was suing Judge David Haracz, who is a Cook County Circuit Court Judge in the Domestic Relations Division. Judge Haracz presided over the dissolution of Wereko's marriage and is presently presiding over the ongoing custody proceedings. *See In re Marriage of Francesco Potenza & Vanessa Wereko*, 2016 D 009029. According to Wereko, Judge Haracz granted her ex-husband custody of their minor children based on false information. On September 9, 2019, Judge Haracz, *sua sponte*, imposed a restriction on Wereko's supervised parenting time and directed Safe Travels Chicago, an organization that facilitates transfer of children from one parent to the other, to provide such services. Wereko appealed, and on December 31, 2020, the Illinois Appellate Court, First District, vacated and remanded, in part, Judge Haracz's September 9, 2019 ruling. *In re Marriage of Potenza & Wereko,* 2020 IL App (1st) 192454, ¶ 1, 2020 WL 7863344 (1st Dist. 2020).

Based on these facts, Wereko alleges that she has been deprived of her fundamental liberty right in the care, custody, and control of her children, and thus defendants have violated her substantive due process rights under the Fourteenth Amendment. Under § 1915(e)(2), the Court, *sua sponte*, concluded that it did not have subject matter jurisdiction over Wereko's claims because Judge Haracz has absolute immunity as he was acting within his judicial capacity. The Court also concluded Wereko could not establish that defendants Safe Travels Chicago and its Executive Director Bradley R. Trowbridge acted jointly in depriving her of her constitutional rights because there was no constitutional deprivation in the first instance.

Wereko filed the present motion the day after the Court entered judgment. The Court then held a motion hearing three business days later on March 16, 2021, at which Wereko and her friend, Edwin Bush, who has been licensed to practice law in Illinois for approximately five years, appeared.

At that time, Bush acknowledged that he was not a member of the Northern District of Illinois bar and had not filed an appearance in Wereko's case.[1]

## DISCUSSION

The Court first addresses Wereko's arguments concerning Judge Haracz's absolute judicial immunity. Wereko contends that Judge Haracz exceeded his jurisdiction in his September 9, 2019 order. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction."). From the case law Wereko cites, it appears she is arguing that Judge Haracz's order allowing Safe Travels Chicago to assist in the transfer of the children between parents for visitation purposes amounted to awarding Safe Travels the custody of her children. *See In re Custody of Ayala*, 800 N.E.2d 524, 535, 279 Ill.Dec. 456, 467, 344 Ill.App.3d 574, 585 (1st Dist. 2003). But, as Wereko herself admits, and the record reflects, her husband was granted custody of the children.

Next, Wereko argues that Judge Haracz exceeded his jurisdiction by inserting himself into the state court divorce proceedings and acted in an enforcement capacity and not an adjudicatory capacity. Wereko's characterization of Judge Haracz's September 9 order is incorrect. When assessing if a defendant is entitled to absolute judicial immunity, courts consider "'whether it is a function normally performed by a judge' and the 'expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity'" and "whether the act 'involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge.'" *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018) (citations omitted). Wereko's attempt to characterize the September 9, 2019 order as something other than Judge Haracz making a

---

[1] The Court notes that Bush had a similar lawsuit before this Court, *J.B. v. Woodward*, 19-cv-4065. In that case, the Court granted defendants' motion to dismiss for lack of subject matter jurisdiction, based, in part, on Bush's ongoing divorce and custody proceedings. Bush filed an appeal, which remains pending after a December 16, 2020 oral argument in front of the Seventh Circuit.

3

ruling within his judicial capacity is a stretch. Judge Haracz was acting in his official capacity as a judge by ruling on issues brought before him in domestic relations court—even though the Illinois Appellate Court remanded his ruling—because judges "are entitled to absolute immunity from damages stemming from many of their official acts, no matter how erroneous or harmful." *Doermer v. Callen*, 847 F.3d 522, 530 (7th Cir. 2017). Wereko may not be happy with the judge's September 9, 2019 ruling, but she has successfully appealed it and the Illinois Appellate Court remanded the matter for the judge to make a custody and visitation determination and modification in the best interests of Wereko's children.

Wereko next takes issue with the Court's conclusion that it did not have jurisdiction over her claims against the Safe Travels defendants arguing that non-state actors can act jointly with government officials to deprive individuals of their constitutional rights. This is a correct statement of law, however, the Court did not conclude that the Safe Travels defendants were not acting under color of state law. Instead, the Court concluded that there was no constitutional violation in the first instance because Judge Haracz was acting within his official capacity as a judge when he made the September 9, 2019 ruling. Simply put, without a constitutional violation, there was nothing for the Safe Travels defendants to join. *See Archer v. Chisolm*, 870 F.3d 603, 320 (7th Cir. 2017) ("Section 1983 does not reach a conspiracy to deny a civil right in the absence of denial of such a right.").

Last, it is generally true that when a district court dismisses a complaint *sua sponte* it is required to give the plaintiff notice and an opportunity to respond. *See Kowalski*, 893 F.3d at 996. Here, however, the Court dismissed Wereko's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2), in which Congress granted district courts the authority to dismiss actions *sua sponte* without giving any such notice if the plaintiff did not pay the filing fee. *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Therefore, the Court did not commit a manifest error of law in this respect.

The Court understands Wereko's frustration with the state court custody proceedings, but federal court is not the proper venue for her challenges to these proceedings, which remain ongoing in the Circuit Court of Cook County Domestic Relations Division.

IT IS SO ORDERED.

Date: 3/18/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge