> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 25, 2021[*]
Decided August 26, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 21-1574 | |
| VANESSA WEREKO,[1] *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 21-cv-1167 |
| DAVID E. HARACZ, et al., *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[1] Wereko purports to file her brief on behalf of her two children, but we explained in an earlier order that pro se litigants may not represent anyone else on appeal. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

No. 21-1574                                                                                          Page 2

## ORDER

After an Illinois court entered a protective order transferring custody of her minor children to her former spouse, Vanessa Wereko brought this federal civil-rights suit against the presiding state-court judge. The district court dismissed the case for lack of subject-matter jurisdiction. We agree with the district judge that Wereko's request is barred under the domestic-relations exception to jurisdiction, and we affirm the judgment.

Wereko filed her federal complaint amid state-custody proceedings regarding her two minor children. She alleged that Judge David Haracz—the Cook County Circuit Court Judge who was presiding over the ongoing custody proceedings—violated her constitutional right to familial association when he entered a temporary protective order that transferred custody of her children to her ex-husband, restricted her supervised parenting time, and directed a private agency (Safe Travels Chicago) to coordinate her visitation with the children. *See* 42 U.S.C. § 1983. She also alleged that Safe Travels and its executive director assisted the judge in violating her rights. As relief, she sought a declaration that the custody order violates her constitutional rights, an injunction prohibiting the defendants from enforcing the order, and an injunction against Judge Haracz mandating that he implement a new "unrestricted" custody arrangement.

The district judge screened Wereko's complaint under 28 U.S.C. § 1915(e)(2) and dismissed it for lack of subject-matter jurisdiction. The judge ruled, first, that Judge Haracz was absolutely immune from suit because he made his rulings in his judicial capacity. And because Judge Haracz did not violate Wereko's constitutional rights, her underlying conspiracy allegations against Safe Travels and its executive director failed to state a claim. Moreover, Wereko's challenge to the ongoing custody proceedings was barred by the domestic-relations exception to federal jurisdiction.

On appeal, Wereko challenges the dismissal of her suit against Judge Haracz on grounds that he was not immune from suit, given the declaratory and injunctive nature of the relief she sought against him. Indeed, judges are not immune from claims for prospective relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). But a remand to sort out the merits of Wereko's claims is unnecessary because there was no federal jurisdiction over this suit in the first place. *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir.

No. 21-1574 Page 3

1999) (declining to remand based on error in immunity ruling where court lacked subject-matter jurisdiction).

Immunity aside, the district judge rightly concluded that a jurisdictional basis existed for dismissal—the domestic-relations exception to federal jurisdiction. This doctrine blocks federal adjudication of cases involving "divorce, alimony, and child custody decrees," *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006), cases that state courts are better suited to adjudicate. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992); *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982). Wereko's challenge to the state court's custody order falls in the core of cases contemplated by the domestic-relations exception. *See Arnold v. Villarreal*, 853 F.3d 384, 387 n.2. (7th Cir. 2017) (citing *Friedlander v. Friedlander*, 149 F.3d 739, 740–41 (7th Cir. 1998)); *cf. J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021) (declining to apply domestic-relations exception where "complaint does not, at least on its face, request the direct entry of a child custody order").

Because the district court lacked subject-matter jurisdiction over this case, we need not consider Wereko's remaining arguments.

AFFIRMED

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit